IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WASHONDA HOWARD-HUNT, | : | |
| Plaintiff, | : | |
| vs. | : | CA 22-0307-CG-C |
| MOBILE COUNTY HEALTH DEPARTMENT, | : | |
| | : | |
| Defendant. | | |

## REPORT AND RECOMMENDATION

This *pro se* civil rights action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S), for appropriate action. For the reasons stated, it is recommended that the Court dismiss this action, without prejudice, based upon Washonda Howard-Hunt's failure to prosecute this action by complying with the Court's order dated August 10, 2022 and entered August 11, 2022 (Doc. 4).

On August 8, 2022, *pro se* Plaintiff Washonda Howard-Hunt, filed a form civil complaint in this Court against the Mobile County Health Department, generally alleging intentional medical malpractice by the Defendant. (*See* Doc. 1, PageID. 1-4). Concurrent with the filing of the complaint, Howard-Hunt filed a motion to proceed without prepayment of fees and costs (*see* Doc. 2), and was granted leave of court to proceed without prepayment of fees (Doc. 3). However, service of her complaint was withheld pending screening by the Court. (*See id.*). Pursuant to screening of Plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2)(B), the undersigned found

Howard-Hunt's Complaint deficient in numerous respects and instructed her to file an amended complaint not later than September 12, 2022. (Doc. 4, PageID.12-20). Howard-Hunt was specifically warned that her failure to comply with the contents of the order "within the prescribed time or to notify the Court of an address change will result in the dismissal of this action for failure to prosecute and to follow the Court's order." (*Id.*, PageID.20). To date, Howard-Hunt has not filed an Amended Complaint, timely or otherwise. (*See* Docket Sheet).

An action may be dismissed if a plaintiff fails to prosecute it or if she fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *Frith v. Curry,* 812 Fed.Appx. 933, 935 (11th Cir. May 4, 2020) (affirming a without prejudice dismissal for failure to comply with order directing payment of the initial partial filing fee); *Brown v. Tallahassee Police Dep't,* 205 Fed.Appx. 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming a without dismissal prejudice of a *pro se* action for failure to follow a court order); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation), *cert. denied,* 549 U.S. 1228, 127 S.Ct. 1300, 167 L.Ed.2d 113 (2007); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

Howard-Hunt has not filed an Amended Complaint, or otherwise responded to the Court's order dated August 10, 2022 and entered August 11, 2022. (*Compare*

Docket Sheet *with* Doc. 4).[1] Therefore, it is recommended that Howard-Hunt's present action be **DISMISSED WITHOUT PREJUDICE**, pursuant to Fed.R.Civ.P. 41(b), due to her failure to prosecute this action by complying with this Court's lawful order dated August 10, 2022 and entered August 11, 2022.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before

---

[1] Howard-Hunt lives in the free world (*see* Docs. 1 & 2) and, therefore, she has been extended a gracious amount of time to comply with the August 10-11, 2022 order before entry of this Report and Recommendation.

the Magistrate Judge is not specific.

      **DONE** this the 19th day of September, 2022.

                                       s/William E. Cassady
                                   **UNITED STATES MAGISTRATE JUDGE**